## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUDE FETTER and HARVEY FETTER** | : | **CIVIL ACTION** |
| 9614 Lawyer Ln | : | |
| Slanesville, WV 25444 | : | **NO.** |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **LEVINE ENTERPRISES, INC. a/k/a** | : | |
| **LEVINE ENTERPRISES LLC** | : | |
| 123 SOUTH PITT ST | : | |
| CARLISLE, PA 17013 | : | |
| and | : | |
| **KENMAR ENTERPRISES INC A PA** | : | |
| **CORPORATION** | : | |
| 3761 Peters Mountain Rd | : | |
| Halifax, PA 17032-8605 | : | |
| and | : | |
| **MCDONALD'S OF HALIFAX** | : | |
| 3761 Peters Mountain Rd | : | |
| Halifax, PA 17032-8605 | : | |
| and | : | |
| **MCDONALD'S CORPORATION** | : | |
| McDonald's Corporation | : | |
| 110 N. Carpenter St. | : | |
| Chicago, IL 60607 | : | |

## CIVIL ACTION COMPLAINT
### PREMISES LIABILITY ACTION

### PARTIES

1.      Plaintiff, Jude Fetter, is a citizen and resident of the State of West Virginia, residing therein at the above-captioned address.

2.      Plaintiff, Harvey Fetter, is a citizen and resident of the State of West Virginia, residing therein at the above-captioned address.

3.      Defendant, Levine Enterprises, Inc. a/k/a Levine Enterprises LLC (hereinafter "Levine Enterprises"), is a corporation organized and existing under and by virtue of the laws of

the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

4.      Defendant, Kenmar Enterprises Inc A Pa Corporation (hereinafter "Kenmar"), is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

5.      Defendant, McDonald's of Halifax, is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

6.      Defendant, McDonald's Corp, is a corporation organized and existing under and by virtue of the laws of the State of Illinois with a principal place of business at the above captioned address.

7.      Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp were acting by and through respective agents, servants and/or employees, who were then and there acting in the course and scope of their employment with Defendants under each Defendants' joint and several control and/or right of control.

## JURISDICTION AND VENUE

8.       This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the Plaintiffs and Defendants.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the subject slip-and-fall incident occurred within this district.

## STATEMENT OF FACTS

10.      At all times material hereto, each respective Defendant was the agent, servant and/or employee of each other respective Defendant acting then and there in the course and scope of said employment/agency under said respective Defendant(s)' control and/or right of control.

2

11.    At all times material hereto, Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp owned, maintained, controlled, possessed, managed, warranted, and repaired a commercial building, including the interior aisles, walkways, and areas near the entry door of the McDonald's Restaurant, located at or near 3761 Peters Mountain Rd Halifax, PA 17032 (hereinafter "the premises").





12.    Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp shall collectively be referred to as "Defendants".

13.    At all times relevant hereto, Defendants owned, managed, controlled, maintained, and/or operated the McDonald's Restaurant.

14.    Defendants had a duty to keep the premises in good repair and safe for use by their customers, visitors, guests, patrons, the general public, and invitees, including Plaintiff Jude Fetter.

---

[1] Arial map via of the McDonald's Restaurant where the incident occurred.

15.     Defendants were responsible for ensuring that all areas within the premises were free from hazards and potential dangers that could cause harm to individuals lawfully on the premises.

16.     Plaintiff, Jude Fetter, was a lawful business invitee within said premises.

17.     More specifically, on October 27, 2023, Plaintiff Jude Fetter along with her husband Harvey Fetter visited the McDonald's Restaurant located at 3761 Peters Mountain Rd Halifax, PA 17032.

18.     Plaintiffs initially went though the drive-thru and purchased food and beverages.

19.     Immediately after receiving their food, Mrs. Fetter decided to enter the restaurant to use the restroom facilities.

### PLAINTIFF'S JUDE FETTER SLIP & FALL

20.     On or about October 27, 2023, at approximately 2:00 p.m., Plaintiff, Jude Fetter, was exiting the McDonald's Restaurant when she slipped and fell on an unnatural accumulation of a foreign slippery substance on the floor near the cash register and entry door. Said substance is believed to have consisted of water, grease, and a translucent liquid.

21.     The hazardous accumulation was present on the floor of the restaurant, causing Plaintiff, Jude Fetter, to slip-and-fall suddenly and without warning.



22.    The cautionary "Wet Floor" sign shown in the above photograph was not present at or near the hazardous condition that caused Plaintiff, Jude Fetter, to fall.

23.    Upon information and belief, an employee of Defendants placed the sign at the location only after Plaintiff's fall.

24.     The hazardous condition existed for a substantial period of time before Plaintiff's fall, during which Defendants failed to take reasonable measures to remedy the danger or to provide adequate warnings to customers, including Plaintiff.

25.    Defendants' failure to maintain a safe environment and to alert customers to the dangerous condition directly caused Plaintiff's injuries, as more fully described herein.

26.    The hazardous condition that caused Plaintiff's fall constituted an unnatural accumulation, evidencing negligence in Defendants' maintenance and operational procedures, contrary to accepted safety practices, including those promulgated by the American Society of Safety Professionals (ASSP).

27.    At all times material hereto, the premises was maintained and managed by Defendants, Levine Enterprises, Kenmar, McDonald's of Halifax, and McDonald's Corporation,

---

[2] True and correct photograph depicting Plaintiff, Jude Fetter, shortly after her fall.

by and through their agents, servants, and employees, who were then acting within the course and scope of their employment and under the control of Defendants.

28.    Defendants, by and through their agents, employees, contractors, and inspectors, had actual or constructive notice of the dangerous condition, which existed for a sufficient time prior to the incident to have been removed, repaired, or otherwise guarded against by appropriate warnings.

29.    At all times material hereto, Defendants Levine Enterprises, Kenmar, McDonald's of Halifax, and McDonald's Corporation, by and through their respective officers, agents, employees, and representatives, acted jointly and severally in the operation and management of the subject premises.

30.    At all times material hereto, Defendants possessed, controlled, and maintained the premises, and owed a duty to keep the premises in a reasonably safe condition for business invitees, including Plaintiff, Jude Fetter.

31.    At all times material hereto, Defendants acted through their officers, agents, employees, and servants, including those identified herein.

32.    At all times material hereto, each Defendant was responsible for determining the competency and qualifications of its agents, employees, and representatives to ensure that they were properly trained and capable of performing their assigned job functions.

33.    Defendants owed Plaintiff a duty to maintain the premises so as not to create or permit dangerous conditions that exposed Plaintiff to unreasonable risks of harm.

34.    Defendants were responsible for maintaining the premises in a reasonably safe condition for business invitees, including Plaintiff.

35.    Defendants' joint and several failure to maintain a safe environment directly resulted in Plaintiff's slip-and-fall and her resulting injuries.

36. Defendants failed to perform regular and thorough inspections of the premises, particularly in high-traffic areas near the main entry door, contrary to industry best practices, including those outlined by the International Facility Management Association (IFMA).

37. The incident was caused by the acts and omissions of Defendants, by and through their agents, employees, and servants, who were acting within the course and scope of their employment and under Defendants' control.

38. The incident was caused solely by the negligence of Defendants, their agents, employees, and servants, and was due in no part to any act or omission on the part of Plaintiff, Jude Fetter.

39. As a direct and proximate result of the subject incident, Plaintiff, Jude Fetter, suffered severe and permanent personal injuries and damages as more fully set forth at length below.

40. As a direct and proximate result of the joint and/or several carelessness and negligence of Defendants, Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp, Plaintiff, Jude Fetter, was caused to sustain serious, painful and permanent personal injuries, requiring the medical care and treatment by doctors and has been and will in the future continue to be hampered in her daily routine.

41. As a direct and proximate result of the negligence and carelessness of Defendants, Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp, jointly and/or severally, Plaintiff, Jude Fetter, sustained multiple serious and permanent orthopedic, neurological, and cognitive injuries.

42. As a direct and proximate result of the incident described herein, Plaintiff, Jude Fetter, sustained serious and permanent injuries, including but not limited to a mild traumatic brain injury (concussion), a one-centimeter scalp laceration requiring surgical closure, post-concussive syndrome, cervical disc herniation with associated loss of lordosis, lumbar disc injuries and

7

radiculopathy, thoracic myofascial pain, lumbar facet arthropathy with multilevel disc desiccation, right-sided sacroiliac joint dysfunction, and bilateral upper extremity paresthesias with grip weakness.

43.    As a result of the fall, Plaintiff was diagnosed with post-concussive syndrome by a board-certified concussion specialist and continues to experience debilitating neurological and musculoskeletal symptoms. Diagnostic imaging confirmed a posterior scalp hematoma, cervical muscle spasm, and aggravation of asymptomatic degenerative spinal conditions that were significantly aggravated by the fall. As a result of these injuries, Plaintiff underwent several invasive medical procedures, including a fluoroscopically guided right sacroiliac joint injection, surgical suture repair of the scalp laceration, intravenous line placements, administration of parenteral medications, and contrast-based imaging studies.

44.    Plaintiff remains under active medical supervision and has experienced substantial impairment in her physical functioning, daily activities, and quality of life.

45.    As a direct and proximate result of the carelessness and negligence of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp jointly and/or severally as aforesaid, Plaintiff Jude Fetter has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

46.    As a direct and proximate result of the carelessness and negligence of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp, jointly and/or severally as aforesaid, Plaintiff Jude Fetter has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

47.     As a direct and proximate result of the carelessness and negligence of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp, jointly and/or severally as aforesaid, Plaintiff Jude Fetter has suffered an injury which is permanent, irreparable and severe.

48.     As a direct and proximate result of the carelessness and negligence of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp jointly and/or severally as aforesaid, Plaintiff Jude Fetter has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which each plaintiff would have performed, not for income, but for the benefit of their respective selves, if said plaintiff had not been so grievously injured.

49.     As a direct and proximate result of the joint and/or several negligence of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp causing the subject slip-and-fall, Plaintiff Jude Fetter was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

50.     As a further result of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp joint and/or several negligence, carelessness, wrongful conduct, inadvertence, laxity, and/or indifference as aforesaid, Plaintiff Jude Fetter has been and will be prevented in the future from performing her usual duties, activities, occupations and vocations and has suffered past, present and future loss of earnings and wages and loss of past, present and future earning capacity.

51.     As a direct and proximate result of the carelessness and negligence of Defendants Levine Enterprises; Kenmar; McDonald's of Halifax; McDonald's Corp jointly and/or severally as aforesaid, Plaintiff Jude Fetter has incurred associated incidental expenses.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT I
## PLAINTIFFS, JUDE FETTER AND HARVEY FETTER vs. DEFENDANT LEVINE ENTERPRISES, INC. A/K/A LEVINE ENTERPRISES LLC.

### (NEGLIGENCE)

52.     Plaintiffs fully incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

53.     The wrongful, careless and negligent conduct of Defendant Levine Enterprises, Inc. a/k/a Levine Enterprises LLC individually, and by and through their/its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, inter alia, the following:

    a.    Vicarious liability for the acts and/or omissions of Defendant's agents, servants, employees, and contractors;

    b.    Allowing a slippery foreign substance, believed to be a mixture of water and grease, to accumulate on the floor near the main entrance;

    c.    Failure to implement policies and procedures;

    d.    Systemic failures in training and oversight;

    e.    Failing to properly inspect and maintain the premises to identify and eliminate hazards, including the entranceway area;

    f.    Failing to warn business invitees, including Plaintiff, of the dangerous condition;

    g.    Failing to implement and enforce proper cleaning and maintenance procedures to prevent hazardous conditions;

    h.    Permitting the hazardous condition to remain on the floor for an unreasonable period of time;

    i.    Failing to employ reasonable safety measures in accordance with accepted industry standards;

    j.    Neglecting to provide adequate signage, cones, mats, or warnings regarding the slippery condition;

    k.    Failing to ensure that employees properly monitored, inspected, and maintained the safety of the entranceway;

    l.    Causing or allowing a slippery foreign substance to accumulate in a high-traffic area of ingress and egress;

    m.    Failing to properly inspect the premises for dangerous conditions, including the main entrance area where Plaintiff fell;

    n.    Permitting a foreign slippery substance, believed to be water and grease, to remain on the floor despite actual or constructive notice;

    o.    Permitting said condition to remain on the floor for a substantial period of time, thereby demonstrating a lack of reasonable care;

    p.    Failing to place warning signs, safety mats, or barriers around the hazardous area to alert customers;

    q.    Failing to correct or remediate a known dangerous condition;

    r.    Permitting a dangerous condition to exist on the premises that would have been discovered upon reasonable inspection;

    s.    Failing to properly maintain the premises in a reasonably safe condition;

t.    Failing to provide Plaintiff with a safe and adequate passage into and out of the premises;

u.    Failing to train and/or supervise employees in recognizing and promptly addressing hazardous floor conditions;

v.    Negligently permitting hazardous conditions to exist and remain in a high-traffic area of the premises for an unreasonable period of time;

w.    Failing to use due care under the circumstances to protect invitees such as Plaintiff;

x.    Failing to implement and follow adequate inspection and maintenance protocols to prevent slip-and-fall hazards, contrary to accepted industry standards, including ANSI/NFSI B101.1;

y.    Failing to provide prompt and adequate warning of the slippery condition, contrary to OSHA regulations requiring appropriate safety signage (29 CFR § 1910.145);

z.    Failing to employ or contract competent, responsible, and reliable personnel for maintenance and safety of the premises;

aa.    Ignoring or disregarding actual or constructive notice of the hazardous condition;

bb.    Failing to utilize available safety measures and resources, such as mats, warning cones, or timely cleanup procedures, to mitigate foreseeable risks;

cc.    Creating or permitting a hazardous condition in a foreseeable and preventable manner;

dd.    Demonstrating a reckless disregard for the safety of business invitees, including Plaintiff, in violation of the duty of care imposed by Pennsylvania law and the Restatement (Second) of Torts § 343;

ee.    Failing to exercise reasonable care in operating, maintaining, inspecting, and supervising the premises;

ff.    Such acts and omissions collectively and individually constituted negligence, gross negligence, and recklessness, directly and proximately causing Plaintiff's slip, fall, and resulting injuries

54.    Defendants Levine Enterprises joint and several negligence and/or carelessness consisted of the following corporate policies and procedures:

a.    Failing to adopt and implement written corporate policies and procedures for the timely inspection, identification, and remediation of hazardous floor conditions;

b.    Failing to establish reasonable corporate-wide protocols for employee response to spills, leaks, grease, and other hazards in high-traffic areas, including the main entrance;

c.    Failing to provide for systematic and scheduled inspections of walking surfaces, contrary to prudent property management practices;

d.    Failing to implement a corporate hazard-response plan to ensure immediate clean-up or containment of dangerous substances on flooring;

e.    Failing to institute policies requiring the placement of temporary safety mats, cones, or barriers when a hazard is present or reasonably anticipated;

f.    Failing to require corporate management to periodically audit or enforce compliance with basic premises safety standards;

11

g.   Failing to promulgate safety procedures consistent with industry standards and best practices, including those recognized by the National Floor Safety Institute (NFSI) and American National Standards Institute (ANSI);

h.   Establishing corporate policies that prioritized operational efficiency and customer throughput over reasonable hazard prevention and remediation;

i.   Failing to allocate sufficient corporate resources for safety, inspection, and maintenance of high-traffic customer areas; and

j.   Failing to establish and enforce any effective corporate chain of command to ensure hazards were timely reported and corrected.

55.   Defendants Levine Enterprises joint and several negligence and/or carelessness consisted of the following systemic failures in training and oversight:

a.   Failing to train employees to identify and promptly address hazardous floor conditions, including spills, leaks, and grease near customer entryways;

b.   Failing to train employees in the use of warning devices such as signage, cones, or mats when hazards were present;

c.   Failing to adequately supervise employees tasked with inspection and maintenance of the premises;

d.   Failing to adopt and enforce training programs consistent with reasonable safety practices in the retail/restaurant industry;

e.   Failing to establish accountability measures to ensure employees adhered to safety procedures;

f.   Failing to designate or train any responsible employee or safety officer to oversee hazard mitigation;

g.   Permitting employees to disregard or ignore hazardous conditions without consequence, demonstrating systemic corporate indifference to customer safety;

h.   Failing to monitor or review employee performance regarding safety and hazard remediation;

i.   Failing to provide refresher training or continuing education to employees on hazard awareness and response; and

j.   Failing to ensure managers and supervisors provided adequate oversight, direction, and enforcement of safety practices, resulting in systemic neglect of hazard remediation duties.

56.   All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT II
### PLAINTIFFS, JUDE FETTER AND HARVEY FETTER vs. DEFENDANT KENMAR ENTERPRISES INC A PA CORPORATION

#### (NEGLIGENCE)

57.    Plaintiffs fully incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

58.    The wrongful, careless and negligent conduct of Defendant Kenmar Enterprises Inc A Pa Corporation individually, and by and through their/its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, inter alia, the following:

  a. Vicarious liability for the acts and/or omissions of Defendant's agents, servants, employees, and contractors;

  b. Allowing a slippery foreign substance, believed to be a mixture of water and grease, to accumulate on the floor near the main entrance;

  c. Failure to implement policies and procedures;

  d. Systemic failures in training and oversight;

  e. Failing to properly inspect and maintain the premises to identify and eliminate hazards, including the entranceway area;

  f. Failing to warn business invitees, including Plaintiff, of the dangerous condition;

  g. Failing to implement and enforce proper cleaning and maintenance procedures to prevent hazardous conditions;

  h. Permitting the hazardous condition to remain on the floor for an unreasonable period of time;

  i. Failing to employ reasonable safety measures in accordance with accepted industry standards;

  j. Neglecting to provide adequate signage, cones, mats, or warnings regarding the slippery condition;

  k. Failing to ensure that employees properly monitored, inspected, and maintained the safety of the entranceway;

  l. Causing or allowing a slippery foreign substance to accumulate in a high-traffic area of ingress and egress;

  m. Failing to properly inspect the premises for dangerous conditions, including the main entrance area where Plaintiff fell;

  n. Permitting a foreign slippery substance, believed to be water and grease, to remain on the floor despite actual or constructive notice;

  o. Permitting said condition to remain on the floor for a substantial period of time, thereby demonstrating a lack of reasonable care;

  p. Failing to place warning signs, safety mats, or barriers around the hazardous area to alert customers;

  q. Failing to correct or remediate a known dangerous condition;

  r. Permitting a dangerous condition to exist on the premises that would have been discovered upon reasonable inspection;

s.     Failing to properly maintain the premises in a reasonably safe condition;

t.     Failing to provide Plaintiff with a safe and adequate passage into and out of the premises;

u.     Failing to train and/or supervise employees in recognizing and promptly addressing hazardous floor conditions;

v.     Negligently permitting hazardous conditions to exist and remain in a high-traffic area of the premises for an unreasonable period of time;

w.     Failing to use due care under the circumstances to protect invitees such as Plaintiff;

x.     Failing to implement and follow adequate inspection and maintenance protocols to prevent slip-and-fall hazards, contrary to accepted industry standards, including ANSI/NFSI B101.1;

y.     Failing to provide prompt and adequate warning of the slippery condition, contrary to OSHA regulations requiring appropriate safety signage (29 CFR § 1910.145);

z.     Failing to employ or contract competent, responsible, and reliable personnel for maintenance and safety of the premises;

aa.    Ignoring or disregarding actual or constructive notice of the hazardous condition;

bb.    Failing to utilize available safety measures and resources, such as mats, warning cones, or timely cleanup procedures, to mitigate foreseeable risks;

cc.    Creating or permitting a hazardous condition in a foreseeable and preventable manner;

dd.    Demonstrating a reckless disregard for the safety of business invitees, including Plaintiff, in violation of the duty of care imposed by Pennsylvania law and the Restatement (Second) of Torts § 343;

ee.    Failing to exercise reasonable care in operating, maintaining, inspecting, and supervising the premises;

ff.    Such acts and omissions collectively and individually constituted negligence, gross negligence, and recklessness, directly and proximately causing Plaintiff's slip, fall, and resulting injuries

59.    Defendants Kenmar Enterprises Inc A Pa Corporation joint and several negligence and/or carelessness consisted of the following corporate policies and procedures:

a.     Failing to adopt and implement written corporate policies and procedures for the timely inspection, identification, and remediation of hazardous floor conditions;

b.     Failing to establish reasonable corporate-wide protocols for employee response to spills, leaks, grease, and other hazards in high-traffic areas, including the main entrance;

c.     Failing to provide for systematic and scheduled inspections of walking surfaces, contrary to prudent property management practices;

d.     Failing to implement a corporate hazard-response plan to ensure immediate clean-up or containment of dangerous substances on flooring;

e.     Failing to institute policies requiring the placement of temporary safety mats, cones, or barriers when a hazard is present or reasonably anticipated;

f.   Failing to require corporate management to periodically audit or enforce compliance with basic premises safety standards;

g.   Failing to promulgate safety procedures consistent with industry standards and best practices, including those recognized by the National Floor Safety Institute (NFSI) and American National Standards Institute (ANSI);

h.   Establishing corporate policies that prioritized operational efficiency and customer throughput over reasonable hazard prevention and remediation;

i.   Failing to allocate sufficient corporate resources for safety, inspection, and maintenance of high-traffic customer areas; and

j.   Failing to establish and enforce any effective corporate chain of command to ensure hazards were timely reported and corrected.

60.   Defendants Kenmar Enterprises Inc A Pa Corporation joint and several negligence and/or carelessness consisted of the following systemic failures in training and oversight:

a.   Failing to train employees to identify and promptly address hazardous floor conditions, including spills, leaks, and grease near customer entryways;

b.   Failing to train employees in the use of warning devices such as signage, cones, or mats when hazards were present;

c.   Failing to adequately supervise employees tasked with inspection and maintenance of the premises;

d.   Failing to adopt and enforce training programs consistent with reasonable safety practices in the retail/restaurant industry;

e.   Failing to establish accountability measures to ensure employees adhered to safety procedures;

f.   Failing to designate or train any responsible employee or safety officer to oversee hazard mitigation;

g.   Permitting employees to disregard or ignore hazardous conditions without consequence, demonstrating systemic corporate indifference to customer safety;

h.   Failing to monitor or review employee performance regarding safety and hazard remediation;

i.   Failing to provide refresher training or continuing education to employees on hazard awareness and response; and

j.   Failing to ensure managers and supervisors provided adequate oversight, direction, and enforcement of safety practices, resulting in systemic neglect of hazard remediation duties.

61.   All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT III
## PLAINTIFFS, JUDE FETTER AND HARVEY FETTER vs.
## DEFENDANT MCDONALD'S OF HALIFAX

### (NEGLIGENCE)

62.     Plaintiffs fully incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

63.     The wrongful, careless and negligent conduct of Defendant McDonald's of Halifax individually, and by and through their/its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, inter alia, the following:

a.      Vicarious liability for the acts and/or omissions of Defendant's agents, servants, employees, and contractors;

b.      Allowing a slippery foreign substance, believed to be a mixture of water and grease, to accumulate on the floor near the main entrance;

c.      Failure to implement policies and procedures;

d.      Systemic failures in training and oversight;

e.      Failing to properly inspect and maintain the premises to identify and eliminate hazards, including the entranceway area;

f.      Failing to warn business invitees, including Plaintiff, of the dangerous condition;

g.      Failing to implement and enforce proper cleaning and maintenance procedures to prevent hazardous conditions;

h.      Permitting the hazardous condition to remain on the floor for an unreasonable period of time;

i.      Failing to employ reasonable safety measures in accordance with accepted industry standards;

j.      Neglecting to provide adequate signage, cones, mats, or warnings regarding the slippery condition;

k.      Failing to ensure that employees properly monitored, inspected, and maintained the safety of the entranceway;

l.      Causing or allowing a slippery foreign substance to accumulate in a high-traffic area of ingress and egress;

m.      Failing to properly inspect the premises for dangerous conditions, including the main entrance area where Plaintiff fell;

n.      Permitting a foreign slippery substance, believed to be water and grease, to remain on the floor despite actual or constructive notice;

o.      Permitting said condition to remain on the floor for a substantial period of time, thereby demonstrating a lack of reasonable care;

p.      Failing to place warning signs, safety mats, or barriers around the hazardous area to alert customers;

q.      Failing to correct or remediate a known dangerous condition;

r.      Permitting a dangerous condition to exist on the premises that would have been discovered upon reasonable inspection;

s.      Failing to properly maintain the premises in a reasonably safe condition;

t.      Failing to provide Plaintiff with a safe and adequate passage into and out of the premises;

u.      Failing to train and/or supervise employees in recognizing and promptly addressing hazardous floor conditions;

v.      Negligently permitting hazardous conditions to exist and remain in a high-traffic area of the premises for an unreasonable period of time;

w.      Failing to use due care under the circumstances to protect invitees such as Plaintiff;

x.      Failing to implement and follow adequate inspection and maintenance protocols to prevent slip-and-fall hazards, contrary to accepted industry standards, including ANSI/NFSI B101.1;

y.      Failing to provide prompt and adequate warning of the slippery condition, contrary to OSHA regulations requiring appropriate safety signage (29 CFR § 1910.145);

z.      Failing to employ or contract competent, responsible, and reliable personnel for maintenance and safety of the premises;

aa.     Ignoring or disregarding actual or constructive notice of the hazardous condition;

bb.     Failing to utilize available safety measures and resources, such as mats, warning cones, or timely cleanup procedures, to mitigate foreseeable risks;

cc.     Creating or permitting a hazardous condition in a foreseeable and preventable manner;

dd.     Demonstrating a reckless disregard for the safety of business invitees, including Plaintiff, in violation of the duty of care imposed by Pennsylvania law and the Restatement (Second) of Torts § 343;

ee.     Failing to exercise reasonable care in operating, maintaining, inspecting, and supervising the premises;

ff.     Such acts and omissions collectively and individually constituted negligence, gross negligence, and recklessness, directly and proximately causing Plaintiff's slip, fall, and resulting injuries

64.     Defendants McDonald's of Halifax joint and several negligence and/or carelessness consisted of the following corporate policies and procedures:

a.       Failing to adopt and implement written corporate policies and procedures for the timely inspection, identification, and remediation of hazardous floor conditions;

b.      Failing to establish reasonable corporate-wide protocols for employee response to spills, leaks, grease, and other hazards in high-traffic areas, including the main entrance;

c.      Failing to provide for systematic and scheduled inspections of walking surfaces, contrary to prudent property management practices;

d.      Failing to implement a corporate hazard-response plan to ensure immediate clean-up or containment of dangerous substances on flooring;

e.      Failing to institute policies requiring the placement of temporary safety mats, cones, or barriers when a hazard is present or reasonably anticipated;

     f.      Failing to require corporate management to periodically audit or enforce compliance with basic premises safety standards;

     g.     Failing to promulgate safety procedures consistent with industry standards and best practices, including those recognized by the National Floor Safety Institute (NFSI) and American National Standards Institute (ANSI);

     h.     Establishing corporate policies that prioritized operational efficiency and customer throughput over reasonable hazard prevention and remediation;

     i.      Failing to allocate sufficient corporate resources for safety, inspection, and maintenance of high-traffic customer areas; and

     j.     Failing to establish and enforce any effective corporate chain of command to ensure hazards were timely reported and corrected.

65.    Defendants McDonald's of Halifax joint and several negligence and/or carelessness consisted of the following systemic failures in training and oversight:

     a.   Failing to train employees to identify and promptly address hazardous floor conditions, including spills, leaks, and grease near customer entryways;

     b.   Failing to train employees in the use of warning devices such as signage, cones, or mats when hazards were present;

     c.   Failing to adequately supervise employees tasked with inspection and maintenance of the premises;

     d.   Failing to adopt and enforce training programs consistent with reasonable safety practices in the retail/restaurant industry;

     e.   Failing to establish accountability measures to ensure employees adhered to safety procedures;

     f.   Failing to designate or train any responsible employee or safety officer to oversee hazard mitigation;

     g.   Permitting employees to disregard or ignore hazardous conditions without consequence, demonstrating systemic corporate indifference to customer safety;

     h.   Failing to monitor or review employee performance regarding safety and hazard remediation;

     i.   Failing to provide refresher training or continuing education to employees on hazard awareness and response; and

     j.   Failing to ensure managers and supervisors provided adequate oversight, direction, and enforcement of safety practices, resulting in systemic neglect of hazard remediation duties.

66.    All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

<u>**COUNT IV**</u>
**PLAINTIFFS, JUDE FETTER AND HARVEY FETTER vs.
DEFENDANT MCDONALD'S CORPORATION**

(NEGLIGENCE)

67.    Plaintiffs fully incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

68.    The wrongful, careless and negligent conduct of Defendant McDonald's Corporation individually, and by and through their/its agent(s), servant(s), contractor(s), permissive user(s) and/or employee(s) consisted of, inter alia, the following:

  a.    Vicarious liability for the acts and/or omissions of Defendant's agents, servants, employees, and contractors;
  b.    Allowing a slippery foreign substance, believed to be a mixture of water and grease, to accumulate on the floor near the main entrance;
  c.    Failure to implement policies and procedures;
  d.    Systemic failures in training and oversight;
  e.    Failing to properly inspect and maintain the premises to identify and eliminate hazards, including the entranceway area;
  f.    Failing to warn business invitees, including Plaintiff, of the dangerous condition;
  g.    Failing to implement and enforce proper cleaning and maintenance procedures to prevent hazardous conditions;
  h.    Permitting the hazardous condition to remain on the floor for an unreasonable period of time;
  i.    Failing to employ reasonable safety measures in accordance with accepted industry standards;
  j.    Neglecting to provide adequate signage, cones, mats, or warnings regarding the slippery condition;
  k.    Failing to ensure that employees properly monitored, inspected, and maintained the safety of the entranceway;
  l.    Causing or allowing a slippery foreign substance to accumulate in a high-traffic area of ingress and egress;
  m.    Failing to properly inspect the premises for dangerous conditions, including the main entrance area where Plaintiff fell;
  n.    Permitting a foreign slippery substance, believed to be water and grease, to remain on the floor despite actual or constructive notice;
  o.    Permitting said condition to remain on the floor for a substantial period of time, thereby demonstrating a lack of reasonable care;
  p.    Failing to place warning signs, safety mats, or barriers around the hazardous area to alert customers;
  q.    Failing to correct or remediate a known dangerous condition;
  r.    Permitting a dangerous condition to exist on the premises that would have been discovered upon reasonable inspection;

s.    Failing to properly maintain the premises in a reasonably safe condition;

t.    Failing to provide Plaintiff with a safe and adequate passage into and out of the premises;

u.    Failing to train and/or supervise employees in recognizing and promptly addressing hazardous floor conditions;

v.    Negligently permitting hazardous conditions to exist and remain in a high-traffic area of the premises for an unreasonable period of time;

w.    Failing to use due care under the circumstances to protect invitees such as Plaintiff;

x.    Failing to implement and follow adequate inspection and maintenance protocols to prevent slip-and-fall hazards, contrary to accepted industry standards, including ANSI/NFSI B101.1;

y.    Failing to provide prompt and adequate warning of the slippery condition, contrary to OSHA regulations requiring appropriate safety signage (29 CFR § 1910.145);

z.    Failing to employ or contract competent, responsible, and reliable personnel for maintenance and safety of the premises;

aa.    Ignoring or disregarding actual or constructive notice of the hazardous condition;

bb.    Failing to utilize available safety measures and resources, such as mats, warning cones, or timely cleanup procedures, to mitigate foreseeable risks;

cc.    Creating or permitting a hazardous condition in a foreseeable and preventable manner;

dd.    Demonstrating a reckless disregard for the safety of business invitees, including Plaintiff, in violation of the duty of care imposed by Pennsylvania law and the Restatement (Second) of Torts § 343;

ee.    Failing to exercise reasonable care in operating, maintaining, inspecting, and supervising the premises;

ff.    Such acts and omissions collectively and individually constituted negligence, gross negligence, and recklessness, directly and proximately causing Plaintiff's slip, fall, and resulting injuries

69.    Defendants McDonald's Corporation joint and several negligence and/or carelessness consisted of the following corporate policies and procedures:

a.     Failing to adopt and implement written corporate policies and procedures for the timely inspection, identification, and remediation of hazardous floor conditions;

b.    Failing to establish reasonable corporate-wide protocols for employee response to spills, leaks, grease, and other hazards in high-traffic areas, including the main entrance;

c.    Failing to provide for systematic and scheduled inspections of walking surfaces, contrary to prudent property management practices;

d.    Failing to implement a corporate hazard-response plan to ensure immediate clean-up or containment of dangerous substances on flooring;

e.    Failing to institute policies requiring the placement of temporary safety mats, cones, or barriers when a hazard is present or reasonably anticipated;

      f.      Failing to require corporate management to periodically audit or enforce compliance with basic premises safety standards;

      g.     Failing to promulgate safety procedures consistent with industry standards and best practices, including those recognized by the National Floor Safety Institute (NFSI) and American National Standards Institute (ANSI);

      h.     Establishing corporate policies that prioritized operational efficiency and customer throughput over reasonable hazard prevention and remediation;

      i.       Failing to allocate sufficient corporate resources for safety, inspection, and maintenance of high-traffic customer areas; and

      j.      Failing to establish and enforce any effective corporate chain of command to ensure hazards were timely reported and corrected.

70.    Defendants McDonald's Corporation joint and several negligence and/or carelessness consisted of the following systemic failures in training and oversight:

      a.   Failing to train employees to identify and promptly address hazardous floor conditions, including spills, leaks, and grease near customer entryways;

      b.   Failing to train employees in the use of warning devices such as signage, cones, or mats when hazards were present;

      c.   Failing to adequately supervise employees tasked with inspection and maintenance of the premises;

      d.   Failing to adopt and enforce training programs consistent with reasonable safety practices in the retail/restaurant industry;

      e.   Failing to establish accountability measures to ensure employees adhered to safety procedures;

      f.    Failing to designate or train any responsible employee or safety officer to oversee hazard mitigation;

      g.   Permitting employees to disregard or ignore hazardous conditions without consequence, demonstrating systemic corporate indifference to customer safety;

      h.   Failing to monitor or review employee performance regarding safety and hazard remediation;

      i.    Failing to provide refresher training or continuing education to employees on hazard awareness and response; and

      j.    Failing to ensure managers and supervisors provided adequate oversight, direction, and enforcement of safety practices, resulting in systemic neglect of hazard remediation duties.

71.    Defendant McDonald's Corporation exercised and/or retained the right to exercise control over the day-to-day operations of its franchisee entities, including policies, practices, and procedures concerning safety, inspections, hazard identification, and hazard remediation.

72.    Defendant McDonald's Corporation imposed operating standards upon Levine Enterprises, Kenmar, and/or McDonald's of Halifax that dictated the manner and means by which the premises were cleaned, maintained, and rendered safe for invitees.

73.    Defendant McDonald's Corporation failed to adopt, implement, and enforce corporate-wide policies and procedures to ensure hazards such as water, grease, or slippery substances were promptly identified, cured, and eliminated.

74.    Defendant McDonald's Corporation failed to promulgate adequate corporate safety policies to ensure that entrances, lobbies, and customer walkways remained free of hazardous conditions.

75.    Defendant McDonald's Corporation failed to adequately train franchisee employees regarding the identification, reporting, and remediation of hazardous floor conditions, despite retaining the right to require such training.

76.    Defendant McDonald's Corporation failed to monitor, audit, and enforce compliance with its corporate safety and operational standards, including inspections and supervision of franchisee locations.

77.    Defendant McDonald's Corporation failed to provide corporate oversight to ensure that franchisee managers and employees adhered to mandatory safety procedures regarding spills, grease, and other hazardous substances.

78.    Defendant McDonald's Corporation retained the contractual right to terminate or sanction franchisees for failure to comply with McDonald's safety and operational standards, yet failed to exercise such rights to prevent foreseeable harm.

79.    Defendant McDonald's Corporation prioritized speed of service, operational efficiency, and uniform brand image over customer safety, thereby creating unsafe conditions at the premises.

80.     Defendant McDonald's Corporation negligently permitted systemic failures in training, supervision, and oversight of franchisee employees and managers, which directly contributed to the dangerous condition causing Plaintiff's fall.

81.     Defendant McDonald's Corporation failed to conduct reasonable corporate audits or evaluations of franchisee safety practices, despite retaining the right to do so.

82.     Defendant McDonald's Corporation failed to implement corrective action plans or require remedial measures once hazards or deficiencies were known or should have been known to it through its inspection and monitoring system.

83.     Defendant McDonald's Corporation demonstrated reckless indifference to customer safety by establishing and enforcing operating standards that dictated the manner of store operations, while simultaneously disclaiming responsibility for the safety consequences of such control.

84.     Defendant McDonald's Corporation failed to act as a reasonable franchisor under the circumstances, in violation of its duty of care, by permitting unsafe conditions to persist in its franchise system.

85.     All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

## COUNT V
## PLAINTIFF, HARVEY FETTER vs.
## DEFENDANT MCDONALD'S CORPORATION

### (LOSS OF CONSORTIUM)

86.     Plaintiffs fully incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

87.     Plaintiff, Harvey Fetter, individually, as a result of the injuries sustained by his wife, Jude Fetter, has suffered the loss of love, affection, and companionship of his wife, and will continue to suffer losses in the future.

88.     Plaintiff's losses are a direct and proximate result of the Defendants' joint and several conduct. Accordingly, Plaintiff, Harvey Fetter, is entitled to damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration

**WAPNER NEWMAN**

**BY**:     */s/ Simon T. Haileab*
            **SIMON T. HAILEAB, ESQUIRE**
            *Attorneys for Plaintiff*

24

## <u>VERIFICATION</u>

I, **<u>Jude Fetter</u>**, hereby states that I am the Plaintiff in the within action and verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief, and that I understand that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Signed by:

*Jude Fetter*

X_____

Jude Fetter